MERCHANTS AND MECHANICS
FEDERAL SAVINGS AND LOAN
ASSOCIATION, Plaintiff,

v.

Jack D. LEWIS and Joan L.
Lewis, Defendants.

In the Matter of Jack D. LEWIS and
Joan L. Lewis, Debtors.

Adv. No. 3–82–0764.
Bankruptcy No. 3–82–03220.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Nov. 24, 1982.

See also, Bkrtcy., 21 B.R. 343.

Thomas R. Noland, Dayton, Ohio, for debtors/defendants.

Jerome M. Strozdas, Springfield, Ohio, for plaintiffs.

George Ledford, Englewood, Ohio, trustee.

DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

· This matter has been submitted on the pleadings and trial evidence including judicial notice by the court of its own record

and of the record of the Common Pleas Court of Greene County, Ohio.

On 22 February 1982 Jack D. Lewis, d.b.a. Jack Lewis Realty, d.b.a. Camco filed a petition pursuant to Chapter 13 of the Bankruptcy Code. Subsequently, numerous adversarial matters were instituted both challenging the legality of the use of Chapter 13 because the debts exceeded statutory limits and as objection to confirmation of the Proposed Plan.

One adversarial filing by one party, Merchants and Mechanics Federal Saving and Loan Association, on 18 March 1982 was consolidated for trial with five other adversarial objections to confirmation. Debtor who is a realtor and real estate investor also doing business as Jack D. Lewis Realty, Inc. (a Corporation never dissolved) had proposed to sell various parcels of real estate to fund his proposed plan within 6 months or to consent to liquidation.

This Court made a finding and decision on 30 June 1982 that the estate showed "a negative cash flow" from rentals, not even sufficient to make regular mortgage payments on the several parcels of real estate involved and that there was "insufficient potential in the estate to justify exercise of court jurisdiction to protect the value of the estate for only 3% distribution to unsecured creditors. Consequently, Merchants and Mechanics was granted relief from the automatic stay to proceed with the foreclosure suit pending in the Common Pleas Court of Greene County, Ohio.

On 24 September 1982 the state court entered judgment in the foreclosure action to Plaintiff in the amount of $70,692.86, with interest thereon at the rate of 10½% per annum from January 31, 1982. The state court further found that Huntington National Bank, Harry H. Hammond, Third National Bank and Trust Company, and the United States of America had valid liens, to be attached to the proceeds of sale.

An order of sale was duly issued in the state court for sale of the real estate by the Sheriff on December 4, 1982. The Sheriff's appraisal of subject real estate is $108,-000.00.

On 13 November 1982 the Debtors exercised statutory rights and obtained a voluntary dismissal of the Chapter 13 case.

On 16 November 1982 Joan L. Lewis and Jack D. Lewis "F.D.B.A. Jack Lewis Realty, Inc." filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

On 17 November 1982 Plaintiff filed a complaint requesting "immediate relief" from the automatic stay.

No payments have been made on any of the liens on subject property since the Chapter 13 petition on February 22, although Jack D. Lewis had contacted the Plaintiff to endeavor to make some arrangement for payments since the property is the residence real estate of Jack D. Lewis and Joan L. Lewis, husband and wife. The Debtors have indicated they are prepared to pay $5,000.00 to Plaintiff. The Plaintiff mortgagee refused any arrangement because the mortgage payments had been in chronic default since its execution on 8 July 1979 in the original amount of $67,500.00. Early in 1978 entire title to the property had been conveyed to Joan L. Lewis. There had been no mortgage payments since August 31, 1981.

Because of the impending sale on December 4 pursuant to the state court order, an emergency hearing was set in this Court on 19 November 1982, and the parties granted leave until November 23 to file citations of legal authorities.

No summons has been issued by the Clerk and Defendant Debtors appeared to contest the complaint before a rule date for answer upon oral notice.

Creditable expert testimony in behalf of Plaintiff fixes a valuation of the property at $93,000.00. Debtors' equity over liens is problematical.

## DECISION AND ORDER

At the trial this Court was constrained to admit evidence only as such pertains to relief from stay under 11 U.S.C. § 362(f). Evidence tendered as to the lack of adequate protection (and Debtors' equity) and

whether such property is not necessary to an effective reorganization was deemed premature because the complaint had been filed only three days previously.

The facts are analyzed, therefore, only in terms of whether relief from stay should be granted "as is necessary to prevent irreparable damage to the interest of an entity in property. . . ."

▪ The Court is of the opinion that the filing date of the Chapter 13 petition, the subsequent dismissal thereof, and the filing of a Chapter 11 petition after the state court order of sale is more contrived than fortuitous. Such a use of statutory rights conferred by the Congress, nevertheless, is a legislative decision and not *ipso facto* typified as "bad faith."

If the detrimental effects of accumulated debt service charges and the expenses of Plaintiff for legal services and court costs suffered from inordinate delinquencies in mortgage payments can be remedied until other factors can be submitted to the court, the apparent procedural maneuvering is only one evidentiary element.

▪ Equitable estoppel stemming from this Court's decision on 30 June 1982 in the Chapter 13 case, however, dictates that the sale of the premises on December 4 in the state court cannot be stymied by the automatic stay invoked by the Chapter 11 petition despite the good faith intentions of Debtors and despite the possibility of adequate protection to the Plaintiff from its mortgage lien unless all delinquencies and incurred court costs are paid or assured to Plaintiff before December 4. Any other conclusion would make a mockery of the Court's decision on June 30 and constitute abuse of the judicial process.

▪ Adequate protection must include the necessity of protection not only from contractual economic burden but, also, from the burdens of legal processes. Even though this case properly involves the use of legislated devices which contemplate economic burdens from delayed exercise of contractual rights, if the time delay is ultimately adequately secured, the successive abuse of such legislated tools inflicts irreparable harm by the mere uncertainty of adequate protection.

▪ Since the state foreclosure suit was brought in the state court by leave of the Bankruptcy Court, a two-fold time delay is *per se* irreparable harm both to the Plaintiff and to the state court. From this context 28 U.S.C. § 1471(d) controls irrespective of any question of adequate economic protection. A bankruptcy court should abstain and let the litigants enforce their rights in the state court, twice delayed.

It is, therefore, ORDERED, ADJUDGED AND DECREED that relief from the automatic stay should be and is hereby granted to Plaintiff to proceed under the foreclosure action unless Defendants-Debtors pay or assure payment to Plaintiff of all delinquent principal and accrued interest due and owing on the note and mortgage, including legal expenses and costs of the permitted foreclosure suit, before December 4, 1982.